**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ATLANTIC AVIATION FBO INC.** | § | |
| **and ATLANTIC AVIATION FBO** | § | |
| **HOLDINGS, LLC** | § | **No. 4:11-CV-489** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY** |
| | § | |
| **ARES CAPITAL CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**NOTICE OF REMOVAL**</u>

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Ares Capital Corporation ("Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Texas from the 417th Judicial District for Collin County, Texas in the matter styled *Atlantic Aviation FBO Inc., et al. v. Ares Capital Corporation*, Case No. 417-02695-2011 (the "State Court Action"), where this action now is pending, pursuant to 28 U.S.C. §§ 1332 and 1441 and Local Rule CV-81.  Defendant respectively shows:

***Removal is Proper***

1.       Removal is proper and this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441(a) because (1) complete diversity exists between the parties at the time of filing as established by the allegations in the Petition filed in the State Court

Action, and (2) it is facially apparent from the Petition that the amount in controversy in this matter exceeds $75,000, excluding interest and costs.[1]

2.     The Court properly may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

*There is Complete Diversity in Citizenship*

3.     On June 29, 2011, Plaintiffs Atlantic Aviation FBO, Inc. and Atlantic Aviation FBO Holdings, LLC ("Plaintiffs") filed their Petition in the State Court Action.  Ex. 1-2 to the Index of State Court Documents Related to Notice of Removal, which is attached as Exhibit A hereto.

4.     Plaintiff Atlantic Aviation FBO, Inc. is (and was at the time of the filing of the State Court Action) a Delaware corporation, the principal place of business of which is in Texas. Plaintiff Atlantic Aviation FBO, Inc. is not a citizen of Maryland or New York.

5.     Plaintiff Atlantic Aviation FBO Holdings, LLC is (and was at the time of the filing of the State Court Action) a Delaware limited liability company, the principal place of business of which is in Texas.  Plaintiff Atlantic Aviation FBO Holdings, LLC is not a citizen of Maryland or New York.

6.     Defendant Ares Capital Corporation is (and was at the time of the filing of the State Court Action) a Maryland corporation, the principal business of which is in New York. Defendant is not a citizen of Delaware or Texas.

---

[1] Defendant Ares Capital does not waive any argument that it is not subject to personal jurisdiction in Texas and that no court in Texas, including this Court, would have personal jurisdiction over Ares Capital in this matter.

7.      Accordingly, as Defendant is a Maryland and New York citizen, and, upon information and belief, [2] none of Plaintiffs are citizens of Maryland and New York, there is complete diversity as required under 28 U.S.C. § 1332(a)(3) and § 1441(b).

**The Amount in Controversy is More Than $75,000**

8.      For purposes of 28 U.S.C. § 1332(a) and § 1441(b), it is facially apparent from the allegations of the Petition that the amount in controversy in the State Court Action is alleged to exceed the sum or value of $75,000.

9.      Plaintiffs allege that they have suffered at least one million dollars in damages as well as exemplary damages. Petition ¶¶ 17, 18, 27.

10.     Plaintiffs' request for exemplary damages also should be taken into account in the amount in controversy calculation and unquestionably would bring the total amount above $75,000.  *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (holding that the amount in controversy calculation is satisfied where it is "facially apparent" that the claims are likely above $75,000, and noting that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claims, they would collect more than [the jurisdictional minimum].").

11.     Subject matter jurisdiction in this Court therefore is proper under 28 U.S.C. § 1332(a).

**Removal is Timely**

12.     Service of process was accomplished by Plaintiffs on the Texas Secretary of State as agent for Defendant on July 11, 2011.  Ex. 3 to the Index of State Court Documents.

---

[2] In a conference with Defendant's counsel, Plaintiffs' counsel confirmed diversity and, resultingly, their lack of opposition to this removal.

13.     Less than 30 days have elapsed since Defendant was served with process via the Texas Secretary of State.

14.     The time for Defendant to answer or move with respect to Plaintiffs' Petition in the State Court Action under Texas law has not expired.  TEX. R. CIV. P. 99(b).

15.      Accordingly, Defendant's filing of this Notice of Removal is timely.

***The Removal Is Procedurally Correct***

16.     Pursuant to 28 U.S.C. § 1446(c) and Local Rule CV-81, all pleadings, process, orders and all other filings in the State Court Action are included in the Index of State Court Documents Related to Notice of Removal, which is attached hereto and incorporated herein by reference.

17.     Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written Notice of Removal will be given to Plaintiffs by and through their counsel of record.

18.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 417th Judicial District of Collin County, Texas, promptly after Defendant files this Notice.

19.     Pursuant to Local Rule CV-81, a completed civil cover sheet has been filed contemporaneously with this Notice of Removal, along with the appropriate filing fee.

20.     The following information also is provided pursuant to Local Rule CV-81(c):

(a)     Parties and Counsel

1.   Plaintiffs

a.   Atlantic Aviation FBO, Inc.

b.   Atlantic Aviation FBO Holdings, LLC

2.  Plaintiffs' Counsel

    a.  Douglas D. Fletcher (Texas Bar No. 07139500)
       Richard G. Miller  (Texas Bar No. 14107500)
       Michael S. Mills  (Texas Bar No. 24070282)
       FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP
       8750  North Central Expressway
       Suite 1600
       Dallas, TX 75231
       (214) 987-9600

3.  Defendant

    a.  Ares Capital Corporation

4.  Defendant's Counsel

    a.  Eric Gambrell (Texas Bar No. 00790735)
       Patrick G. O'Brien (Texas Bar No. 24046541)
       AKIN GUMP STRAUSS HAUER & FELD LLP
       1700 Pacific Ave.
       Suite 4100
       Dallas, TX 75201
       (214) 969-2800

    b.  Steven M. Pesner (New York Bar No. 1312958)
       Akin Gump Strauss Hauer & Feld LLP
       One Bryant Park
       New York, NY 10036
       (212) 872-1000

(b)    The case being removed currently is pending in the following court:

    417th Judicial District Court of Collin County, Texas
    Collin County Courthouse
    2100 Bloomdale Road, Suite 30290
    McKinney, TX 75071

(c)    Plaintiffs have requested trial by jury.

(d)    No motions are pending in the State Court Action.

***Conclusion***

21.    For all of the reasons contained herein, Defendant Ares Capital Corporation removes this action to federal court.

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**


/s/ Eric Gambrell
Eric Gambrell
Texas State Bar No. 00790735
egambrell@akingump.com
Patrick G. O'Brien
Texas State Bar No. 24046541
pobrien@akingump.com
1700 Pacific Avenue, Suite 4100
Dallas, TX  75201-4675
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343


Steven M. Pesner (*pro hac vice* to be filed)
spesner@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1070 – Telephone
(212) 872-1002


**Attorneys for Ares Capital Corporation**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this 4th day of August, 2011, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the court.  This filing was served on Plaintiffs at the addresses listed below pursuant to the Federal Rules of Civil Procedure:

Douglas D. Fletcher
Richard G. Miller
Michael S. Mills
FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP
8750  North Central Expressway
Suite 1600
Dallas, TX 75231

          /s/ Patrick G. O'Brien   
          Patrick O'Brien